OSCAR MIDDLEKAUFF, APPELLANT, V. FRANK ADAMS ET AL.,
APPELLEES.

FILED MARCH 22, 1906.   No. 14,553.

Evidence examined, and *held* to sustain the conclusions of the trial
court.

APPEAL from the district court for Dawson county:
BRUNO O. HOSTETLER, JUDGE.   *Affirmed.*

*H. D. Rhea* and *Oscar Middlekauff*, for appellant.

*John A. Sheean, W. A. Stewart* and *E. C. Calkins*,
contra.

JACKSON, C.

This is an appeal from the judgment of the trial court
denying a writ of mandamus to compel the city council
of the city of Lexington to revoke a liquor license, and to
fix a time for hearing a remonstrance against the issuing of
the license.   There is some conflict in the evidence, but
it may reasonably be said that the following facts are
established by the record:   The relator is an attorney at
law residing in the city of Lexington.   He was employed
by one saloon-keeper to prosecute remonstrance proceed-
ings against the granting of a license. to W. J. Horrigan,
another saloon-keeper.   He prepared and filed with the
city clerk on April 29, 1905, a remonstrance, stating facts
sufficient to prevent the issuing of a license.   The remon-
strance was signed: "David Cole, Remonstrator.   Oscar
Middlekauff."   On May 1 following two additional re-
monstrances were filed, one signed: "David Cole, Remon-
strator," and the other "David Cole, Remonstrator, by
Oscar Middlekauff."   At 4 o'clock P. M. of that day, at a
meeting of the city council, the time for hearing the several
remonstrances was set for 7 o'clock P. M. on the follow-
ing day, and the council adjourned until 7 o'clock P. M.

of May 1, by agreement, to consider the matter of the qualifications of certain signers of the petition of the applicant, that being one of the grounds upon which the remonstrance was based. When the council convened on the evening of May 1, the parties all agreed that the petition contained a sufficient number of freeholders, and the record shows the following, among other proceedings: "David Cole, remonstrator, against the petition of W. J. Horrigan filed a written withdrawal of all objections against issuing of the license to W. J. Horrigan. Remonstrators against the granting of license having withdrawn their remonstrances, it is moved by Neilson, and seconded by McElhiney (members of the council), that saloon license be granted to W. J. Horrigan." On this motion all the members of the council voted aye, and the clerk was ordered to issue the license.

The relator was present in the council chamber when these proceedings were had, and made no objection or protest, and the council adjourned. After adjournment the relator complained that the proceeding was illegal, and on the following day filed a new remonstrance, with a præcipe demanding subpœnas for witnesses, and that the council take action on his remonstrance. This request was refused, and the refusal resulted in the petition for mandamus. He now insists that he was one of the original remonstrators, and that his remonstrance was never withdrawn, and that the action of the council taken at the evening meeting on May 1 was illegal. There are two answers to this contention: First, that he was present when the resolution was adopted showing the withdrawal of all remonstrances, and permitted the council to act on the assumption that they were withdrawn, and made no objection to such course; second, the council proceeded upon the theory that he was an attorney for the remonstrator, and that he appeared in that capacity only. He was advised prior to the evening meeting that the remonstrator Cole had signed a written withdrawal of all remonstrances interposed by him against the issuing of the

license, and might, had he desired to do so, have prepared and filed a remonstrance on his own behalf. This he failed to do, and while final action was taken by the council in advance of the time fixed for hearing the remonstrances, yet when they did act they were lawfully assembled, clothed with power to issue licenses, and all remonstrances having been withdrawn there was no occasion for further delay, and so far as the record discloses the action of the council was taken in the utmost good faith. The trial court found all the issues in favor of the respondents, and the finding had ample support in the evidence.

We conclude that the judgment of the district court was right, and recommend that it be affirmed.

Duffie and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

Affirmed.